IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,     PLAINTIFF,

v.     CIVIL ACTION NO.     2:19-cv-82-KS-MTP

WINCHESTER 1873 RIFLE, CAL: 32,
SN: 587304B, *ET AL.*     DEFENDANT PROPERTY.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the United States Attorney for the Southern District of Mississippi and the undersigned Assistant United States Attorney, brings this complaint for forfeiture *in rem* and, in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, alleges as follows.

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States the following firearms, parts, and ammunition (the "**Subject Firearms**"), all of which were involved in violations of federal laws:

| 19-ATF-004365 | Winchester 1873 Rifle, CAL: 32, SN: 587304B |
| --- | --- |
| 19-ATF-004375 | Harrington and Richardson Unknown Rifle, CAL: Unknown, SN: HX365127 |
| 19-ATF-004376 | Remington Arms Company, Inc. 870 Express Mag Shotgun, CAL: 12, SN: B227488M |
| 19-ATF-004378 | Remington Arms Company, Inc. 552 Rifle, CAL: 22, SN: A1943377 |
| 19-ATF-004379 | Rossi 92 SRC Rifle, CAL: 44, SN:M042749 |
| 19-ATF-004380 | Winchester 120 Ranger Shotgun, CAL: 20, SN: L1559283 |

| | |
|---|---|
| 19-ATF-004383 | Winchester 94 Golden Spike Rifle, CAL: 30-30, SN: GS53203 |
| 19-ATF-004386 | Winchester 94 Rifle, CAL: 30-30, SN: 2438431 |
| 19-ATF-004387 | Remington Arms Company, Inc. 700 Rifle, CAL: 308, SN: G7129545 |
| 19-ATF-004390 | Savage 987 Rifle, CAL: 22, SN: D788186 |
| 19-ATF-004393 | Winchester 1300 Defender Shotgun, CAL: 12, SN: L3210094 |
| 19-ATF-004395 | Norinco (North China Industries) 56 Machine Gun, CAL: 762, SN: 9005048 |
| 19-ATF-004396 | Colt AR15 Machine Gun, CAL: 223, SN: 905735 |
| 19-ATF-004397 | Keltec, CNC Industries, Inc. KSG Shotgun, CAL: 12, SN: XWU89 |
| 19-ATF-004399 | Hopkins And Allen Unknown Shotgun, CAL: 12, SN: 253165 |
| 19-ATF-004400 | Smith & Wesson Bodyguard Revolver, CAL: 38, SN: CSX7361 |
| 19-ATF-004401 | Smith & Wesson 66 Revolver, CAL: 357, SN: 4K43 |
| 19-ATF-004403 | Colt Combat Commander Pistol, CAL: 9, SN: 70SC27518 |
| 19-ATF-004405 | Sig-Sauer P226 Pistol, CAL: 9, SN: U521080 |
| 19-ATF-004406 | Walther P88 Compact Pistol, CAL: 9, SN: 104204 |
| 19-ATF-004408 | Browning Challenger Pistol, CAL: 22, SN: 57563P6 |
| 19-ATF-004409 | Ruger Mark II Pistol, CAL: 22, SN: 274071 |
| 19-ATF-004411 | Ruger Mark II Pistol, CAL: 22, SN: 17-47090 |
| 19-ATF-004412 | Coastal Guns Unknown Silencer, CAL: Unknown, SN: G212-002 |
| 19-ATF-004413 | 41 Rounds Assorted Ammunition, CAL: Unknown |
| 19-ATF-004414 | Spike's Tactical LLC SL15 Rifle Receiver/Frame, CAL: Multi, SN: NSL065694 |
| 19-ATF-004415 | 2162 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004416 | 175 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004417 | 315 Rounds Assorted Ammunition, CAL: Multi |

| 19-ATF-004418 | 248 Rounds Assorted Ammunition, CAL: 762 |
| --- | --- |
| 19-ATF-004420 | 1183 Rounds Assorted Ammunition, CAL: 556 |
| 19-ATF-004421 | 37 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004422 | 2752 Component Assorted Ammunition, CAL: Multi |
| 19-ATF-004648 | Smokeless Powder |
| 19-ATF-004649 | 6 Containers of Tannerite |
| 19-ATF-004650 | Safety Fuse |
| 19-ATF-004653 | Ammunition Primers |

2.   The **Subject Firearms** are subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) because the **Subject Firearms** were used to facilitate violations of 18 U.S.C. § 922(g)(3) (unlawful user of a controlled substance in possession of a firearm).

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 28 U.S.C. § 1331 and 18 U.S.C. § 924.

4.   This District is a proper venue, under 28 U.S.C. § 1355(b)(1)(A), because the acts giving rise to this *in rem* forfeiture action occurred in this District, and under 28 U.S.C. § 1395(b) because the **Subject Firearms** were found and seized in this District.

## THE DEFENDANTS *IN REM*

5.   The **Subject Firearms** consist of the following:

| 19-ATF-004365 | Winchester 1873 Rifle, CAL: 32, SN: 587304B |
| --- | --- |
| 19-ATF-004375 | Harrington and Richardson Unknown Rifle, CAL: Unknown, SN: HX365127 |

| | |
|---|---|
| 19-ATF-004376 | Remington Arms Company, Inc. 870 Express Mag Shotgun, CAL: 12, SN: B227488M |
| 19-ATF-004378 | Remington Arms Company, Inc. 552 Rifle, CAL: 22, SN: A1943377 |
| 19-ATF-004379 | Rossi 92 SRC Rifle, CAL: 44, SN:M042749 |
| 19-ATF-004380 | Winchester 120 Ranger Shotgun, CAL: 20, SN: L1559283 |
| 19-ATF-004383 | Winchester 94 Golden Spike Rifle, CAL: 30-30, SN: GS53203 |
| 19-ATF-004386 | Winchester 94 Rifle, CAL: 30-30, SN: 2438431 |
| 19-ATF-004387 | Remington Arms Company, Inc. 700 Rifle, CAL: 308, SN: G7129545 |
| 19-ATF-004390 | Savage 987 Rifle, CAL: 22, SN: D788186 |
| 19-ATF-004393 | Winchester 1300 Defender Shotgun, CAL: 12, SN: L3210094 |
| 19-ATF-004395 | Norinco (North China Industries) 56 Machine Gun, CAL: 762, SN: 9005048 |
| 19-ATF-004396 | Colt AR15 Machine Gun, CAL: 223, SN: 905735 |
| 19-ATF-004397 | Keltec, CNC Industries, Inc. KSG Shotgun, CAL: 12, SN: XWU89 |
| 19-ATF-004399 | Hopkins And Allen Unknown Shotgun, CAL: 12, SN: 253165 |
| 19-ATF-004400 | Smith & Wesson Bodyguard Revolver, CAL: 38, SN: CSX7361 |
| 19-ATF-004401 | Smith & Wesson 66 Revolver, CAL: 357, SN: 4K43 |
| 19-ATF-004403 | Colt Combat Commander Pistol, CAL: 9, SN: 70SC27518 |
| 19-ATF-004405 | Sig-Sauer P226 Pistol, CAL: 9, SN: U521080 |
| 19-ATF-004406 | Walther P88 Compact Pistol, CAL: 9, SN: 104204 |
| 19-ATF-004408 | Browning Challenger Pistol, CAL: 22, SN: 57563P6 |
| 19-ATF-004409 | Ruger Mark II Pistol, CAL: 22, SN: 274071 |
| 19-ATF-004411 | Ruger Mark II Pistol, CAL: 22, SN: 17-47090 |
| 19-ATF-004412 | Coastal Guns Unknown Silencer, CAL: Unknown, SN: G212-002 |
| 19-ATF-004413 | 41 Rounds Assorted Ammunition, CAL: Unknown |

| 19-ATF-004414 | Spike's Tactical LLC SL15 Rifle Receiver/Frame, CAL: Multi, SN: NSL065694 |
|---|---|
| 19-ATF-004415 | 2162 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004416 | 175 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004417 | 315 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004418 | 248 Rounds Assorted Ammunition, CAL: 762 |
| 19-ATF-004420 | 1183 Rounds Assorted Ammunition, CAL: 556 |
| 19-ATF-004421 | 37 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004422 | 2752 Component Assorted Ammunition, CAL: Multi |
| 19-ATF-004648 | Smokeless Powder |
| 19-ATF-004649 | 6 Containers of Tannerite |
| 19-ATF-004650 | Safety Fuse |
| 19-ATF-004653 | Ammunition Primers |

Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) seized the **Subject Firearms** on December 5 and 6, 2018. The **Subject Firearms** are being stored in the ATF Field Office Evidence Vault and Explosives Bunker in Gulfport, Mississippi.

## BASIS FOR FORFEITURE

6.     The **Subject Firearms** are subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461 because the **Subject Firearms** were used to facilitate violations of 18 U.S.C. § 922(g)(3) (unlawful user of a controlled substance in possession of a firearm).

7.     Additionally, 18 U.S.C. § 924(d)(1) provides that all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined by 26 U.S.C. § 5845(a), shall, so far as applicable, extend to seizures and forfeitures under 18 U.S.C. § 924.

## FACTS AND CIRCUMSTANCES

8. A detailed account of the facts and circumstances supporting the seizure and forfeiture of the **Subject Firearms** is set out in ATF Special Agent Michael S. Knoll's declaration, which is attached hereto as Exhibit "A" and incorporated herein by reference.

9. The **Subject Firearms** were in the possession of Richard Dalton Hill and involved in his violation of 18 U.S.C. § 922(g)(3) (unlawful user of a controlled substance in possession of a firearm).

## FIRST CLAIM FOR RELIEF
### (18 U.S.C. § 924 and 28 U.S.C. § 2461)

10. Paragraphs 1 through 9 above are incorporated by reference as if fully set forth herein.

11. The **Subject Firearms** are subject to seizure and forfeiture to the United States under 18 U.S.C. § 924(d)(1), which authorizes the forfeiture of "[a]ny firearm or ammunition involved in or used in . . . any violation of any other criminal law of the United States." 18 U.S.C. § 924(d)(1); *see also* 21 U.S.C. § 2461 (providing broader forfeiture authorization).

## PRAYER FOR RELIEF

Plaintiff United States requests that:

(a) the Court find that the United States has demonstrated it has a reasonable belief that the **Subject Firearms** are forfeitable to the United States under 18 U.S.C. § 924 and 28 U.S.C. § 2461;

(b) under Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court issue a warrant of arrest *in rem* for the arrest and seizure of the **Subject Firearms** based on this verified complaint,

which the United States will execute to bring the **Subject Firearms** within the jurisdiction of the Court for purposes of this statutory forfeiture action;

(c)   process issue to enforce the forfeiture of the **Subject Firearms**;

(d)   notice of this action be given to all under Supplemental Rule G(3)(b), which the United States will execute upon the **Subject Firearms** located in the custody of the FBI under 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c);

(e)   notice of this action be given to all persons and entities known or thought to have an interest in or right against the **Subject Firearms** to appear and show why the forfeiture should not be decreed;

(f)    the Court decree that forfeiture of the **Subject Firearms** to the United States is confirmed, enforced, and ordered;

(g)   the Court award the United States its costs and disbursements in this action; and

(h)   the Court order such other relief that it deems just and proper.

                                          Respectfully submitted,

                                          UNITED STATES OF AMERICA

                                          D. MICHAEL HURST, JR.
                                          United States Attorney

Dated: May 22, 2019          By:   */s/ Marc A. Perez*
                                          MARC A. PEREZ
                                          Assistant United States Attorney
                                          WA Bar Number 33907
                                          501 E. Court Street, Suite 4.430
                                          Jackson, Mississippi 39201
                                          Work  (601) 965-4480
                                          Fax     (601) 965-4409
                                          Email: Marc.Perez@usdoj.gov

## VERIFICATION

I, Michael S. Knoll, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture *in rem* are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as an ATF Special Agent.

Dated this the 22nd day of May, 2019.

_____
Michael S. Knoll
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET   Civil No.: 2:19-cv-82-KS-MTP

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Winchester 1873 Rifle, CAL: 32, SN: 587304B, et al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Forrest County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc A. Perez, U.S. Attorney's Office
501 East Court Street, Suite 4.430, Jackson, MS 39201   (601) 965-4480

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question (U.S. Government Not a Party)
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 370 Other Fraud | ☒ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from another district (specify)
☐ 6   Multidistrict Litigation
☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 924(d)(1) and 28 U.S.C. 2461(c)
Brief description of cause:
Civil forfeiture of 25 firearms, firearm parts, ammunition, and components seized from Richard Dalton Hill

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE   5/22/2019
SIGNATURE OF ATTORNEY OF RECORD   /s/ Marc A. Perez

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE   Starrett   MAG. JUDGE   Parker

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,                                                               PLAINTIFF,

v.                                                   CIVIL ACTION NO. 2:19-cv-82-KS-MTP

WINCHESTER 1873 RIFLE, CAL: 32,
SN: 587304B, *ET AL*.                                            DEFENDANT PROPERTY.

## DECLARATION

Under 28 U.S.C. § 1746, I, Michael S. Knoll, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, make the following unsworn declaration, under the penalty of perjury, pertinent to the above-styled and numbered case:

**I.  BACKGROUND**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to ATF's Gulfport Field Office.

2. I am empowered to investigate violations of federal firearms, arson, and explosive laws.

3. Since March 24, 2002, I have been employed as an ATF Special Agent. Prior to service with ATF, I was employed as a Border Patrol Agent with the United States Border Patrol from May 19, 1997, through March 23, 2002. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program, ATF New Professional Training, and the United States Border Patrol Academy. I am a 1996 graduate of Southeastern Louisiana University with a Bachelor of Arts degree in Criminal Justice.

4. At all times during the investigation described in this declaration, I was acting in an official capacity as an ATF Special Agent. I base this declaration on my personal knowledge and information I received from other federal agents and other law enforcement agencies.

5. The excerpts and descriptions included in this declaration below may not constitute the entire investigation but contain only the information that I reasonably believe is relevant to establish that the named property is subject to civil seizure and forfeiture.

**EXHIBIT A**

6.      The information contained in this declaration is provided for the limited purpose of establishing the basis for civil seizure and forfeiture of the named property.  As discussed below, I submit there is a reasonable belief, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, that the United States will meet its burden of proof at trial that the firearms named below facilitated violations of 18 U.S.C. § 922(g)(3) (unlawful user of a controlled substance in possession of a firearm).  Consequently, there is a reasonable belief that these firearms are subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

## II.     PROPERTY SOUGHT TO BE FORFEITED

7.      The United States seeks the forfeiture of the following firearms, parts, and ammunition (the "**Subject Firearms**"):

| | |
|---|---|
| 19-ATF-004365 | Winchester 1873 Rifle, CAL: 32, SN: 587304B |
| 19-ATF-004375 | Harrington and Richardson Unknown Rifle, CAL: Unknown, SN: HX365127 |
| 19-ATF-004376 | Remington Arms Company, Inc. 870 Express Mag Shotgun, CAL: 12, SN: B227488M |
| 19-ATF-004378 | Remington Arms Company, Inc. 552 Rifle, CAL: 22, SN: A1943377 |
| 19-ATF-004379 | Rossi 92 SRC Rifle, CAL: 44, SN:M042749 |
| 19-ATF-004380 | Winchester 120 Ranger Shotgun, CAL: 20, SN: L1559283 |
| 19-ATF-004383 | Winchester 94 Golden Spike Rifle, CAL: 30-30, SN: GS53203 |
| 19-ATF-004386 | Winchester 94 Rifle, CAL: 30-30, SN: 2438431 |
| 19-ATF-004387 | Remington Arms Company, Inc. 700 Rifle, CAL: 308, SN: G7129545 |
| 19-ATF-004390 | Savage 987 Rifle, CAL: 22, SN: D788186 |
| 19-ATF-004393 | Winchester 1300 Defender Shotgun, CAL: 12, SN: L3210094 |
| 19-ATF-004395 | Norinco (North China Industries) 56 Machine Gun, CAL: 762, SN: 9005048 |
| 19-ATF-004396 | Colt AR15 Machine Gun, CAL: 223, SN: 905735 |
| 19-ATF-004397 | Keltec, CNC Industries, Inc. KSG Shotgun, CAL: 12, SN: XWU89 |
| 19-ATF-004399 | Hopkins And Allen Unknown Shotgun, CAL: 12, SN: 253165 |
| 19-ATF-004400 | Smith & Wesson Bodyguard Revolver, CAL: 38, SN: CSX7361 |
| 19-ATF-004401 | Smith & Wesson 66 Revolver, CAL: 357, SN: 4K43 |
| 19-ATF-004403 | Colt Combat Commander Pistol, CAL: 9, SN: 70SC27518 |
| 19-ATF-004405 | Sig-Sauer P226 Pistol, CAL: 9, SN: U521080 |
| 19-ATF-004406 | Walther P88 Compact Pistol, CAL: 9, SN: 104204 |
| 19-ATF-004408 | Browning Challenger Pistol, CAL: 22, SN: 57563P6 |
| 19-ATF-004409 | Ruger Mark II Pistol, CAL: 22, SN: 274071 |
| 19-ATF-004411 | Ruger Mark II Pistol, CAL: 22, SN: 17-47090 |
| 19-ATF-004412 | Coastal Guns Unknown Silencer, CAL: Unknown, SN: G212-002 |

**EXHIBIT A**

| | |
|---|---|
| 19-ATF-004413 | 41 Rounds Assorted Ammunition, CAL: Unknown |
| 19-ATF-004414 | Spike's Tactical LLC SL15 Rifle Receiver/Frame, CAL: Multi, SN: NSL065694 |
| 19-ATF-004415 | 2162 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004416 | 175 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004417 | 315 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004418 | 248 Rounds Assorted Ammunition, CAL: 762 |
| 19-ATF-004420 | 1183 Rounds Assorted Ammunition, CAL: 556 |
| 19-ATF-004421 | 37 Rounds Assorted Ammunition, CAL: Multi |
| 19-ATF-004422 | 2752 Component Assorted Ammunition, CAL: Multi |
| 19-ATF-004648 | Smokeless Powder |
| 19-ATF-004649 | 6 Containers of Tannerite |
| 19-ATF-004650 | Safety Fuse |
| 19-ATF-004653 | Ammunition Primers |

### III.  FACTS AND CIRCUMSTANCES

8.  On November 5, 2018, the Hattiesburg (Mississippi) City Council passed a resolution determining that the property located at 3105 Delwood Drive, Hattiesburg, Mississippi, owned by Richard Dalton Hill, was in such a state of uncleanliness as to be a menace to health and safety to the community, and that the property should be condemned.[1]  The resolution, which signed by the Hattiesburg mayor on November 6, 2018, gave Hill 15 days to correct the violations. The resolution also ordered the City of Hattiesburg to correct the violation at the City's discretion—and at Hill's cost—if Hill had not corrected the violation himself within the 15-day period.  Hill had been provided two weeks' notice of the city council hearing.

9.  City of Hattiesburg Director of Urban Development Andrew Ellard stated that he did not see Hill at the city county meeting, and there is no record of Hill's attendance.  No one spoke on behalf of Hill's property.

---

[1] The resolution specifically found that the property was in violation of Open Storage (Land Development Code, Sec. 87.01, *et seq*.), which states in relevant part that "The City Council may require the removal of junk or salvage or the screening of a nonconforming establishment in the interest of preserving the health, safety, and welfare of the general public" and Trash and Litter (International Property Maintenance Code, Sec. 307.1)—"Accumulation of Rubbish or Garbage: All exterior property and premises*, and the interior of every structure*, shall be free from any accumulation of rubbish or garbage." (emphasis added).  *See* Land Development Code Establishing Zoning District and Regulations for Land Development and Subdivision in the City of Hattiesburg, Mississippi, Ordinance No. 2330, Adopted Dec. 5, 1989; Int'l Property Maintenance Code, 2018.

3

**EXHIBIT A**

10. Hill failed to correct the violation of maintaining an unsafe and dilapidated property, and so, on November 29, 2018, Hattiesburg Municipal Court Judge Curry issued an arrest warrant for Hill for contempt of court. Hill was arrested on December 4, 2018, and was subsequently booked into the Forrest County Jail.

11. On December 5, 2018, officers from Hattiesburg Code Enforcement began cleaning the property at 3105 Delwood Drive. Upon clearing the items from the carport area, officers found several plastic containers holding numerous rounds of ammunition, magazines and parts for firearms, and a Spike's Tactical lower receiver, model ST15, serial number 065694, in addition to numerous jugs of smokeless powder, Tannerite explosives, and several pipes.

12. Code Enforcement officers smelled a strong odor coming from inside the home. Believing the smell to be coming from dead animals, the Code Enforcement officers contacted the Hattiesburg Fire Department to check inside the home and determine whether any dead animals were inside the home, creating a further health hazard for the community.

13. The Hattiesburg Fire Marshal entered the home, with Code Enforcement officers following, searching for any animals, dead or alive. No animals were found, but—in plain sight—officers observed numerous electrical switches, batteries, electronic circuit boards, and firearms scattered throughout the home.

14. Concerned that Hill may have been manufacturing explosive devices, Code Enforcement officers contacted the Hattiesburg Police Department, which contacted the ATF and requested assistance.

15. I responded to the request for assistance and observed 14 firearms in plain sight, as well as a green safe in the master bedroom closet. The safe was closed, and no attempts to open it were made. I also observed a prescription bottle of Oxycodone—which did not contain Hill's name—on the floor, with a white powder next to the bottle. Neither the officers nor I ever attempted to look at anything beyond what was in plain sight, and nothing from within the home was seized, although the Spike's Tactical receiver and ammunition, smokeless powder, Tannerite, and firearms parts and accessories found outside of the home were secured at the 12th Circuit Metro Narcotics Task Force office on my behalf. The home was in an unkempt, dirty, and unhealthy condition.

16. The containers of smokeless powder, electrical switches and components, and pipe did not appear to me to be used to construct destructive devices. Officers found numerous empty ammunition brass casings and bags of projectiles used for reloading ammunition with the smokeless powder, and the steel pipe was stacked in a pile along with other scrap metals. Code Enforcement officers informed me that there was ammunition reloading equipment on site, which was removed and discarded prior to my arrival at the home.

**EXHIBIT A**

17.     I went with Federal Bureau of Investigation Task Force Officer Greg Holliman to conduct an audio-recorded interview with Hill, who was still an inmate at the Forrest County Jail, regarding the items found in and around his home.  After I read Hill his *Miranda* rights, Hill waived his rights and agreed to answer questions without the presence of counsel.

18.     Hill acknowledged he owned and was in control of the property at 3105 Delwood Drive, Hattiesburg.  Hill stated that he is divorced, having separated from his wife approximately five years ago, and has lost visitation with his children.  He stated he is historically not a messy person or a hoarder.

19.     I told Hill what the other officers and I had found in and around his home, and why ATF was interested in the discovered items.  Hill stated that he has not manufactured any destructive devices since the 1980s, that he disassembles electronics, and that he is currently trying to build a computer.  He further explained that he reloads ammunition and used to do civil war reenactments.

20.     Regarding the firearms found inside of the home, Hill stated he has approximately fifteen (15) firearms[2] and has a silencer attached to one of the rifles.  Hill stated he had a "tax stamp" for the silencer inside of a pouch attached to the rifle (indicating that the silencer is registered with ATF in the National Firearms Registration and Transfer Record).  Agents had not observed a silencer, but they did not move any items that may have covered or concealed firearms.  Hill stated that he had purchased the Kel-Tec 12-gauge shotgun observed by agents within the house for $800 to $1,000 from Gander Mountain prior to its closing.  He further stated he purchased the Spike's Tactical firearm receiver from Michael Smith, owner of Smith's Speed Shop.  Smith's Speed Shop has a Federal Firearms License and is authorized to sell National Firearms Act (NFA) defined firearms.  Hill stated he is currently in the process of obtaining a short-barrel for the Spike's Tactical receiver.  Hill stated he only has one NFA firearm, the registered silencer.  He also purchased the silencer from Smith's Speed Shop.  Hill stated the machine-gun markings on the Spike's Tactical receiver is for cosmetic purposes.

21.     Hill admitted he has consumed (smoked) methamphetamine for approximately one (1) year, most recently one or two weeks prior to the interview.  He stated he would fail a drug test if he were to take one.  Hill also stated that he had no methamphetamine in his home because he had consumed all of it.  He refused to identify his methamphetamine source of supply.  Finally, he stated he does not consume any other illegal drug and does not consume any pharmaceutical pain medication.  Hill stated he began using methamphetamine as self-medication.

---

[2] Ultimately, twenty-five (25) firearms—including two "machine guns"—were recovered from the home, in addition to the firearms parts, ammunition, and components.

5

**EXHIBIT A**

22. Hill stated the safe located in the bedroom was open, and initially claimed that the safe should not have anything in it. TFO Holliman and I informed Hill the safe was locked. Hill later said the safe may contain coins, jewelry, a Winchester 1300 shotgun, a black-powder handgun, and a sabre.[3]

23. On December 6, 2018, Hill had an initial appearance before Hattiesburg Municipal Judge Curry who dismissed the charges against Hill and ordered him released from jail. After his release, I met with Hill outside the Forrest County Jail and explained that because he is an unlawful user of a controlled substance, he cannot possess firearms. I further explained the potential penalties for possessing firearms as a user or abuser of a controlled substance, and Hill stated he understood my explanation. I asked for Hill's consent to search his home and recover the firearms currently in his possession, and Hill agreed to allow agents to recover the firearms. Hill confirmed his consent in writing at his home and was present during the search.

24. Prior to agents entering the home, I asked Hill if he had anything in his home that could pose danger to searching agents, himself, or the general public, such as explosive, or improvised explosive devices. Hill stated he did not have anything of an explosive nature in his home, but he and his mother had retrieved two machine-guns from his dying grandfather approximately three years ago, and that the two firearms were located inside the safe in the master-bedroom closet. His grandfather, who had resided in Missouri, had allegedly brought the firearms to the United States when he returned from the Vietnam War, and Hill said he and his mother took the firearms—an AK-47 and a fully automatic AR-15—to secure them. Agents located the two "machine guns" in the safe and seized all firearms inside Hill's home.

25. On December 7, 2018, I retrieved the firearms parts and accessories, 1,958 rounds of ammunition, 209 pounds of ammunition projectiles and empty brass casings, ammunition primers, Spike's Tactical firearm receiver (model SL-15, serial number NSL065694), smokeless powder, and Tannerite explosives from the 12th Circuit Metro Narcotics Task Force office.

26. All evidence items are being stored in the ATF Field Office Evidence Vault and Explosives Bunker.

27. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Shane Lynes, an Interstate Nexus Examiner, determined that the **Subject Firearms** were not manufactured within Mississippi. Therefore, these firearms would have affected interstate commerce.

28. The ATF sent written notices of intent to forfeit the **Subject Firearms**, as required by 18 U.S.C. § 983(a)(1)(A), to Hill on or about January 17, 2019. The ATF also published notice

---

[3] The safe did contain a Winchester shotgun, black-powder handgun, and sabre, but also two "machine guns," which Hill had neglected to mention.

**EXHIBIT A**

of its intent to forfeit the **Subject Firearms** from January 21, 2019, through February 19, 2019, on www.forfeiture.gov. On February 21, 2019, the ATF received a timely filed administrative claim to the **Subject Firearms** from Hill, and, as a result, referred the matter to the United States Attorney's Office to initiate—within 90 days, or by Wednesday, May 22, 2019—judicial forfeiture proceedings for the **Subject Firearms**. *See* Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified in part at 18 U.S.C. § 983(a)(3)(A).

## IV. CONCLUSION

29. Based on the above information, I submit there is a reasonable belief, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, that the United States will meet its burden of proof at trial that the **Subject Firearms** was used to facilitate violations of 18 U.S.C. § 922(g)(3) (unlawful user of a controlled substance in possession of a firearm) and that therefore the **Subject Firearms** are subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

[**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**]

(*signature page follows*)

**EXHIBIT A**

30.  I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and accurate to the best of my knowledge and belief.


Executed on: May 22, 2019

*Michael Knoll*
Michael S. Knoll
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

**EXHIBIT A**